UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------

RAMOS FAMILY, : CASE NO. 1:17-CV-02405
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
LORAIN COUNTY :
CHILDREN SERVICES, :
:
Defendants. :
:

---------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Marcus Ramos filed this action, on behalf of himself, the mother of his children, and his children against the Lorain County Children Services ("LCCS") agency. In the Complaint, Plaintiff alleges his children were removed from their mother's custody after domestic violence occurred. He claims the Defendant violated her right to due process. He seeks monetary damages on her behalf.

**I. Background**

Plaintiff's Complaint contains very little information. It appears Plaintiff has four children. The mother of the children was the victim of domestic violence, and Plaintiff possibly was the perpetrator. He includes only the last page of the LCCS's request for temporary custody of the children. From that brief statement it appears they believed the children were at a

significant risk of harm in their mother's care because she allowed Plaintiff to take the children despite his history of domestic violence and erratic behavior. Plaintiff contends that the Mother's due process rights were violated, as she was the domestic violence victim and should not be held accountable for his actions. He seeks monetary damages for violation of her rights.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Neitzke*, 490 U.S. at 327.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4] *Id.* at 678.
[5] *Id.*
[6] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III. Analysis

Plaintiff cannot represent his children or their mother in federal court or file claims on their behalf. In general, a party may plead and conduct his case in person or through a licensed attorney.[7] An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction.[8] A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent.[9] Plaintiff is not a licensed attorney and therefore is not authorized to represent any of the children or their mother in court.

Furthermore, Plaintiff cannot base claims on a violation of another person's civil rights. In every federal case, the party bringing the suit has the burden to establish standing to prosecute the action. "In essence the question of standing is whether the litigant is entitled to have the Court decide the merits of the dispute… ."[10] To have standing to bring a case, the Plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.[11] Plaintiff's claims are based on the violation of the mother of his children's rights. The fact that Plaintiff may be collaterally affected by the adjudication of her rights does not necessarily extend the Court's Article III powers to him.[12] He does not have standing to bring her claims to federal court.

---

[7] *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).
[8] *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988).
[9] *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Lawson v. Edwardsburg Public School*, 751 F.Supp. 1257 (W.D. Mich. 1990).
[10] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).
[11] *Id.* at 499; *Allstate Insurance Co. v. Wayne Cty*, 760 F.2d 689, 693 (6th Cir. 1985).
[12] *Allstate Insurance Co.*, 760 F.2d at 692.

## IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[13]

IT IS SO ORDERED.


Dated: March 29, 2018            *s/     James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[13] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.